UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.   8:06-CR-293-T-17SPF

DERALD LEONARD PATTERSON.

_____/

ORDER

This cause is before the Court on:

Dkt. 36    First Step Memorandum
Dkt. 41    Motion to Reduce Sentence Pursuant to the First Step Act
Dkt 42     Response

Defendant Derald Leonard Patterson moves for a reduction in sentence pursuant to 18 U.S.C. Sec. 3582©(1)(B), and Section 404 of the First Step Act. Of 2018. Defendant Patterson requests a reduction of his term of imprisonment to 176 months or time served, whichever is greater, to be followed by a 4-year term of supervised release.

The Government does not contest that Defendant Patterson is eligible for a sentence reduction, and does not oppose a reduction to a term of 188 months imprisonment, to be followed by a 4-year term of supervised release.

1. Background

In the Indictment, Defendant Derald Leonard Patterson was charged as follows:

Count 1            Distribution of cocaine

                   Violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C).

Count 2             Distribution of 50 grams or more of crack cocaine

                    Violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A).

Defendant Patterson entered into a Plea Agreement (Dkt. 23), pleading guilty to Count 2.

Defendant Patterson was sentenced on April 25, 2008 to 262 months imprisonment, concurrent with Defendant's term of imprisonment in Docket Number CC-06-367, 368 and 369, Barbour County Alabama; a 60-month term of supervised release; fine waived, and a special assessment of $100. At sentencing, Count 1 was dismissed on the Government's Motion.

The stipulated facts of the Plea Agreement specified that the offense involved 102.5 grams of cocaine base. (Dkt. 36, p., 2). At sentencing, Defendant Patterson's base offense level was determined under a marijuana equivalency conversion, 1,474.938 kg of cocaine base, and 39.988 kilograms of other substances, for a marijuana equivalency total of 1,514.926 kilograms. Defendant Patterson's base offense level was 32. Based on a career offender enhancement, Defendant Patterson's total offense level became 37. With a 3-level reduction for acceptance of responsibility, Defendant Patterson's enhanced offense level became 34. With an offense level of 34 and Criminal History category of VI, Defendant Patterson's advisory range was 262 to 327 months imprisonment, the supervised release range was 5 years, and the fine range was $17,500 to $4,000,000.

2. Discussion

A. Eligibility

Section 404(b) of the First Step Act of 2018 provides that the court "may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed." (citation omitted).

Sec. 404(a) defines a "covered offense":

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat.2372), that was committed before August 3, 2010.

However, relief is subject to the following limitations:

(b) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of the enactment this Act, denied after a complete review of the motion on the merits. Nothing in this Act shall be construed to require a court to reduce Any sentence pursuant to this section.

The Court notes that the Government agrees that Defendant Patterson's offense is a "covered offense." None of the limitations in Sec. 404(c) apply.

B. Amended Statutory Range and Guideline Range

Section 2 of the Fair Sentencing Act increased the amount of cocaine

3

base required to trigger a mandatory minimum of ten years from 50 grams to 280 grams. Applying Section 2 to Count 2 yields a mandatory minimum term of 5 years to a maximum of 40 years, with a mandatory 4-year term of supervised release. *See* 21 U.S.C. Sec. 841(b)(1)(B).

The effect of the First Step Act is to reduce Defendant Patterson's mandatory minimum sentence from a range of 10 years to life imprisonment to a range of 5 years to 40 years imprisonment, followed by a term of supervised release reduced from 5 years to 4 years, as to Count 2.

The amended guideline range is:

| | |
|---|---|
| Total Offense Level: | 31 |
| Criminal History Category: | VI |
| Imprisonment Range: | 188 to 235 months |
| Supervised Release Range: | 4 to 5 years |
| Fine Range: | $15,000 to $2,000,000. |

C.   Positions of the Parties

   1.   Derald Leonard Patterson

Defendant Patterson argues that the Court has broad authority to impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect, without limitation on the exercise of the court's discretion

4

to sentence a defendant within the revised FSA statutory range.

Defendant Patterson emphasizes that the relief available pursuant to 18 U.S.C. Sec. 3582(c)(1)(B) is significantly different from the narrow scope of relief available pursuant to 18 U.S.C. Sec. 3582(c)(2). Defendant Patterson argues that, for the Court to determine the appropriate reduction, the Court should consider the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines, and post-sentencing conduct.

The Court further notes that Defendant Patterson is requesting a reduction of the term of imprisonment to 176 months, some 12 months below the low end of the mandatory minimum term of 188 months, in light of Defendant's post-sentencing conduct and rehabilitation, and to reflect the time between Defendant's arrest and Defendant's sentencing.

2. The Government

The Government recognizes that Defendant Patterson is eligible for a sentence reduction, and agrees that the statutory penalty range is reduced to a range of 5 to 40 years imprisonment.

The Government notes that Defendant Patterson seeks a variance below the low end of his revised guideline range, but argues that, although the First Step Act does not prohibit the requested reduction, neither the circumstances of this case nor the provisions of the First Step Act justify the requested variance. The Government points out that

Defendant Patterson's guideline range is driven by Defendant's career offender status, which is based on Defendant Patterson's criminal history.

The Government does not oppose a reduction of the term of imprisonment to 188 months, followed by a 4-year term of supervised release. The Government objects to a variance to a 176-month term of imprisonment.

D.  Sentence Reduction

The Court will exercise its discretion to reduce Defendant Patterson's sentence. To determine the reduction, the Court considers the Section 3553(a) factors, the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines and Defendant's post-sentencing conduct. *United States v. Boulding*, 379 F.Supp.3d 646, 652-54 (W.D. Mich. 2019); *United States v. Stanback*, 377 F.Supp.3d 618, 625 n. 2 (W.D. Virginia 5/2/2019)("See also https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (noting in newsletter from the United States Sentencing Commission that courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing and stating "In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing .").

The Court acknowledges that the First Step Act does not entitle a defendant to a plenary resentencing, but it also "does not impose any artificial or guideline limits on a reviewing court." *Boulding*, 379 F.Supp.3d at 653.

In this case, Defendant Patterson has been in the custody of the BOP since April 25, 2008. Since sentencing, Defendant Patterson has maintained employment, for which Defendant Patterson has received outstanding work reviews and recommendations from supervisors. Defendant Patterson has completed Drug Education Treatment, and has completed other educational and vocational coursework. The Court notes that Defendant Patterson has not received any disciplinary reports while in BOP custody. Upon release, Defendant Patterson is hoping to reconnect with his four children, and to serve as a positive example for them.

The Court reduces Defendant Patterson's term of imprisonment on Count 2 to 176 months or time served, whichever is greater, and reduces the term of supervised release on Count 2 from 5 years to 4 years. Defendant Patterson's fine is waived, and the special assessment fee is $100.00. The Court varies downward because the guideline sentence of 188 months imprisonment is unnecessary to meet the objectives of sentencing. The reduced sentence is sufficient, but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct and protect the public from further crimes of Defendant Patterson. *See* 18 U.S.C. Sec. 3553(a)(2). As to the kinds of sentences available, the Court notes that other courts have varied downward from guidelines sentences in the First Step context. Defendant Patterson's reduced sentence therefore avoids unwarranted disparities between other defendants. *See United States v.*

*Hadley,* 2019 WL 333438 (M.D. Fla. 7/24/2019)(citing cases). Accordingly, it is

**ORDERED** that Defendant Derald Leonard Patterson's Motion to Reduce Sentence Under Section 404 of the First Step Act (Dkt. 41) is **granted**. As to Count 2, Defendant Patterson's term of imprisonment is reduced from 262 months imprisonment to 176 months imprisonment, or time served, whichever is greater, to run concurrently with Defendant's term of imprisonment in Docket Number CC-06-367, 368 and 369, Barbour County Alabama ; the term of supervised release is reduced from 60 months supervised release to 48 months supervised release. Defendant's fine is waived and the special assessment fee is $100.00. All other terms and conditions of Defendant Patterson's prior sentence remain unchanged and are incorporated by reference.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of October, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

U.S. Probation